## JULIA W. SAYLES
### v.
## ORRIN L. MANN ET AL.

EQUITY JURISDICTION—RESTRAINING EXECUTION OF WRIT OF RETORNO.—A judgment was recovered against the husband of appellant, Sayles, on which execution was issued, and a levy made upon the separate property of appellant. The goods were not taken by the officer, but a levy was indorsed on the execution by the officer. After the levy the husband of appellant, without her knowledge or authority, began a suit in replevin, in her name, for the goods, which suit was subsequently dismissed and a writ of *retorno* awarded, under which possession of the goods was demanded. of appellant. On a bill to restrain the execution of the writ of *retorno, held,* that the judgment against appellant in the replevin suit was void; she had no notice of the suit, never appeared or authorized any one to appear for her; that the pretended levy was insufficient, and created no liability against the sheriff, and appellant had no adequate remedy at law, and fraud being charged in the bill, a court of equity would take jurisdiction.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding. Opinion filed November 5, 1879.

Mr. F. J. Crawford and Mr. L. W. Perce, for appellant; that a court of equity will interfere unless a court of law would be able to give full relief, cited High on Injunctions, 313; Stewart v. Great Western 2 Dr. & Sm. 438.

Before appellant heard of the replevin proceedings, the term had elapsed and the judgment against her became final; it was too late to apply to set aside the judgment: Freeman on Judgments; Cook v. Wood, 24 Ill. 295.

The appellant has no remedy against the sheriff for the pretended levy upon her goods; it was a mere pen and ink levy: Minor v. Herriford, 25 Ill. 344; Havely v. Lowry, 30 Ill. 446; Davidson v. Waldron, 31 Ill. 120; Logsden v. Spivey, 54 Ill. 104.

There being no remedy at law, appellant has a remedy in equity by injunction: High on Injunctions, 78 Mar. Ins. Co. v. Hodgsdon, 7 Cranch, 332; Hubbard v. Hobson, Breese, 190; Griggs v. Gear, 3 Gilm. 2; Owens v. Ranstead, 22 Ill. 161; Vennum v. Davis, 35 Ill. 568; Biggins v. Brockman, 63 Ill. 316; Hilliard on Injunctions, 313.

Mr. John M. Gartside, for appellees; that equity will not interfere where there is ample remedy at law, cited Albro v. Dayton, 28 Ill. 325; Long v. Barker 85 Ill. 431; Tallman v. Becker, 85 Ill. 183; Ramsey v. Perley, 34 Ill. 504; Smith v. Powell, 50 Ill. 21; Wangelin v. Goe, 50 Ill. 459; Browne v. Hurd, 56 Ill. 317; Holmes v. Stateler, 57 Ill. 209.

Appellant has an adequate remedy at law against the sheriff, or against the attorney for neglecting to prosecute the replevin suit, or against her husband for interfering with her property without her consent: Pike v. Colvin, 67 Ill. 227; Stevens v. Walker, 55 Ill. 151; Emerson v. Clayton, 32 Ill. 493; Martin v. Robson, 65 Ill. 129; Chestnut v. Chestnut, 77 Ill. 346.

The sheriff is estopped by his return from denying its truth; Bowen v. Parkhurst, 24 Ill. 257; Rivard v. Gardner, 39 Ill. 125.

In cases of doubt parties should be confined to their legal remedy, though equity might take jurisdiction: Wing v. Sherer, 77 Ill. 200; Hacker v. Barton, 84 Ill. 314.

A volunteer agent is responsible to his principal for loss occasioned by his negligence: Dennis v. McCagg, 32 Ill. 429; Casey v. Casey, 14 Ill. 112; Doan v. Duncan, 17 Ill. 274.

An injunction will not issue to restrain an act already committed: Wangelin v. Goe, 50 Ill. 459; Scott v. Whitlow, 20 Ill. 310; Winkler v. Winkler, 40 Ill. 179.

· Jurisdiction of a court cannot be attacked in a collateral proceeding: Osgood v. Blackmore, 59 Ill. 261; Searle v. Galbraith, 73 Ill. 269.

A party who has been guilty of laches cannot claim the aid of a court of equity: Dickerman v. Burgess, 20 Ill. 266.

As to inference of ratification from circumstances: Searing v. Butler, 69 Ill. 575; Malburn v. Schreiner, 49 Ill. 69; Harris v. Simmerman, 81 Ill. 413; Brownell v. Dixon, 37 Ill. 187.

As to estoppel *in pais:* Smith v. Newton, 38 Ill. 230; 2 Smith's Lead. Cas. 542; Dazell v. Odell, 3 Hill, 219; Welland Canal Co. v. Hathaway, 8 Wend. 483; Copping v. Gould, 16 Wend. 531; Titus v. Morse, 40 Me. 348; International Bank v. Bowen, 80 Ill. 541.

WILSON, J.   This was a bill in equity brought by appellant, Julia W. Sayles against O. L. Mann, coroner of Cook county, B. L. Sawyer, his deputy, and Mary Leary, appellees, to enjoin them from executing a writ of *retorno habendo*, and from otherwise further attempting to remove out of her possession certain goods and chattels of which she was the owner, and for general relief.   A preliminary injunction was granted, as prayed for.   Appellees filed a general demurrer to the bill, which was sustained by the court, and a decree was entered dissolving the injunction and dismissing the bill. ˙ From this decree Mrs. Sayles has appealed to this court, and asks a reversal thereof.

The case presents some rather extraordinary features, as will be seen by a reference to the facts set forth in the bill, the truth of which is admitted by the demurrer.   Taking them as true, we are at a loss to conceive upon what grounds the court below sustained the demurrer.

The bill states that appellant is the wife of John E. Sayles, to whom she was married in December, 1872; that she resides

with her husband and family in the city of Chicago; that in her girlhood she, with her own hands, painted and procured twenty-six oil paintings; that on her wedding day a friend gave her, as a wedding present, an upholstered chair; that her father, in April, 1877, gave her the residue of the goods mentioned in the bill, consisting of carpets, chairs, tables, bedsteads, bureaus, dressing-cases, book-stands, range and its furniture, worth in the aggregate, about $1,000. That she is the owner in her own right, as her sole and separate property, of all of said goods and chattels, and is entitled to the possession and control thereof, and that the same had been in her custody and use ever since she obtained them, until December, 12, 1878, when they were demanded of her by Mann and Sawyer under a writ of *retorno habendo*. That she then, for the first time, learned that appellee Leary had obtained a judgment in the Superior Court of Cook County against John E. Sayles, husband of appellant, on which Leary had taken out a *fi. fa.*, directed to the sheriff of Cook county to execute, whose deputy, a few days afterward, while appellant was absent from home, pretended to levy the same on appellant's property, being the same mentioned in the bill of complaint, the sheriff pretending that the same belonged to her husband, although well aware that the property belonged to appellant, and was not subject to the execution against her husband.

That the sheriff did not take possession of the property, but endorsed his pretended levy on the execution, and went away. That there was no removal of the goods, but they remained in the house in the same condition as they had been, so that upon her return home there were no indications of any officer having been there, nor was she in any manner informed or aware of any one having been at the house, or of anything having been done, or attempted, relating to her property. She was wholly ignorant, and kept in ignorance, of any judgment or execution against her husband, and knew nothing of the pretended levy on her goods.

That a few days after the pretended levy, her husband, without her knowledge or consent, and without authority from her, caused a writ of replevin to be sued out of the Circuit Court of

Cook county, in her name, as plaintiff, and against the sheriff, his deputy, and Leary, for appellant's goods, so pretended to have been levied on; and her husband, pretending to be her agent, gave the coroner a receipt for the goods, as having been replevied from the sheriff; and thereupon the same were released from the pretended custody of the sheriff under the supposed levy, the goods, meanwhile, remaining undisturbed in the house. That her husband, without her authority or knowledge, employed, as plaintiff's attorney in the replevin suit, Mr. Adcock, and entrusted the management of it to him, of which appellant was wholly unaware. That on November 8, 1878, at the October term, the replevin suit was reached on the regular call of the docket, and was dismissed for want of prosecution, and without trial on the merits, and a judgment was entered against appellant for costs and for a return of the property; of each and all which said proceedings she had no notice, and was wholly ignorant.

That on December 12, 1878, and after the October term had elapsed, appellees Mann and Sawyer, under the writ of *retorno habendo* demanded of appellant the goods in question, took possession thereof, and put a custodian in her house in charge of the goods until the coroner could move them, which she avers he intends to and will speedily do, for the purpose of subjecting the same to the payment of Leary's judgment against John E. Sales, and also to the payment of the costs in the replevin suit, unless restrained. That until November 12, 1878, she had no knowledge of any of said proceedings, nor any information that her rights were in jeopardy. That she never employed Adcock, nor authorized nor knew of his employment, and was wholly unaware that her husband or Adcock had pretended to act for her, until the coroner came for the goods, under the writ of *retorno*, on the 12th, day of December, and that she never ratified their acts.

That the judgment against her husband was not upon any indebtedness relating to her property or for her support; that both her husband and Adcock are pecuniarily irresponsible, and that the taking of her goods under the writ would cause her irreparable injury.

Sayles v. Mann.

The bare statement of the facts would seem to be the only argument needed to show that the decree dismissing complainant's bill ought to be reversed. The judgment against her was void. She had no notice of the suit, and never appeared nor authorized any one to appear for her. To claim that these proceedings can bind her or her property, is absurd. A married woman, the undisputed owner and in the peaceable possession of personal property, is suddenly confronted by an officer, with a writ of *retorno habendo*, for the seizure of her property—a writ artfully withheld until the expiration of the term at which the judgment on which it issued, was rendered, so as to make it too late to move to set the judgment aside. Upon inquiry, she finds that she has been the central figure in a litigation which she had never authorized, and of which she never had the slightest knowledge.

The proceedings from beginning to end, but for the serious consequences that might have resulted to appellant's property, were the merest farce, which might be properly entitled, "A new way to pay old debts." That a husband may act as the agent of his wife is unquestionable; but in order to bind her he must previously be authorized by her to so act, or she must, with express or implied knowledge of his act, subsequently ratify it. Feeble indeed would be the thread upon which the title to her property is suspended, if the husband of a married woman can subject it to the payment of his debt through the instrumentality of legal proceedings, such as are disclosed by the record in this case; and it would be a reproach to a court of equity to say that it is powerless to afford relief.

Complainant had no adequate remedy at law. The pretended levy was a mere pen and ink levy. The sheriff did no act that would have made him a trespasser, if he had had no writ. To constitute a levy on personal property, the property must be at the time within the control of the officer, and he must so deal with it as that he would, without the protection of the writ, be a trespasser. This the sheriff did not do, and hence appellant had no remedy against him. She could not bring replevin against the coroner, for the goods, although wrongfully seized. were in fact seized under an execution

against her goods and chattels. A writ of *retorno habendo* is an execution. Bouvier's Law Dictionary, title Execution.

A suit against her husband would have been unavailing, for he was pecuniarily irresponsible.

She has no remedy against Adcock, unless he acted in collusion with her husband, and participated in his wrongful intent to deprive her of her property, and this is not charged in her bill. Adcock was an officer of the court, and the presumption is that he acted in good faith as attorney in the replevin suit. The record shows, it is true, that he failed to prosecute the suit, but it is quite as fair to presume that he withdrew on discovering the iniquitous nature of the proceeding, as it is to presume that he was acting in collusion with appellant's husband. Thus she had no adequate remedy at law.

But aside from this, a court of chancery, in the exercise of its general equity powers, has full jurisdiction to interfere by injunction to restrain the collection of a judgment fraudulently obtained. Babcock v. McCammant et al. 53 Ill. 215. The facts alleged in the bill, and admitted by the demurrer, show a gross fraud, and fraud is a matter of equity jurisdiction. The Supreme Court, in the case just cited, declares that even if the party had a remedy at law, by applying to the circuit judge at chambers for a stay of proceedings, it is more satisfactory and complete to grant the relief in equity; and that a court of chancery did not lose its jurisdiction by the statute conferring similar jurisdiction upon the courts of law.

The decree of the court below is reversed, and the cause remanded. *Reversed and remanded.*